```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                JACKSONVILLE DIVISION
```

ELMORE SORRELLS, III,

        Plaintiff,

v.                        Case No. 3:08-cv-335-J-32TEM

STEVE SINGER, etc.;
et al.,

        Defendants.

_____

**ORDER**

Plaintiff Elmore Sorrells, III, an inmate of the Florida penal system who is proceeding *pro se* and *in forma pauperis*, initiated this action by filing a Civil Rights Complaint Form (hereinafter Complaint) (Doc. #1) pursuant to 42 U.S.C. § 1983 on April 2, 2008. In the Complaint, Plaintiff names the following individuals as the Defendants in this action: (1) Steve Singer, the Warden of Columbia Correctional Institution; (2) Mr. Anderson, the Assistant Warden of Columbia Correctional Institution; (3) Dr. Hiep Nguyen, the Chief Health Officer at Columbia Correctional Institution; (4) Ron Rice, the Health Administrator at Columbia Correctional Institution; (5) Mr. Rawls, the Medical Grievance Investigator; (6) Patrick H. Brown, M.D., the Medical Grievance Inspector with the Inspector General's Office; and (7) Dr. Thayer, the Region II Medical Director. Plaintiff claims that the Defendants have been deliberately indifferent to his serious medical need, specifically a rash on his legs and feet.

This cause is before the Court on Defendants Singer, Anderson, Nguyen, Rice and Thayer's Motion to Dismiss (hereinafter Motion to Dismiss) (Doc. #14), filed July 9, 2008, in which they request the dismissal of this action pursuant to 42 U.S.C. § 1997e(a) due to Plaintiff's failure to properly exhaust the available administrative remedies.  Here, Plaintiff had fair notice of his opportunity to develop a record with respect to the exhaustion issue.  Plaintiff was advised in the Court's Order (Doc. #5), filed May 7, 2008, that if a Defendant files a motion to dismiss that is supported by affidavits or other documents, the Court would construe the motion as a motion for summary judgment, and Plaintiff shall file an appropriate response within thirty days.  The *pro se* Plaintiff was made aware of the provisions of Rule 56 of the Federal Rules of Civil Procedure.

While the motion to dismiss is supported by affidavits and other documents, since the action is being decided on the basis of exhaustion and not on the merits, the motion will not be construed as a motion for summary judgment.  See Bryant v. Rich, 530 F.3d 1368, 1374-75 (11th Cir.) ("Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . is not ordinarily the proper subject for a summary judgment; instead, it 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.'") (footnote and citations omitted),

cert. denied, No. 08-6665, 2008 WL 4522477 (U.S. Dec. 8, 2008). Plaintiff, on July 25, 2008, filed a Reply to Defendants' Motion to Dismiss (Doc. #15) (hereinafter Plaintiff's Reply). Thus, Defendants' Motion to Dismiss is now ripe for review.

On April 26, 1996, the President signed into law the Prison Litigation Reform Act (hereinafter PLRA), which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e to read as follows:

> (a) Applicability of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Thus, exhaustion of available administrative remedies is "a precondition to an adjudication on the merits" and is mandatory under the PLRA. Bryant v. Rich, 530 F.3d at 1374; Jones v. Bock, 127 S.Ct. 910, 918 (2007); Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.") (citation omitted). Furthermore, "the exhaustion requirement cannot be waived based upon the prisoner's belief that pursuing administrative procedures would be futile." Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (per

curiam) (citing <u>Alexander v. Hawk</u>, 159 F.3d 1321, 1323 (11th Cir. 1998)).

The Florida Department of Corrections provides a three-step grievance procedure. First, an inmate must normally submit an informal grievance "to the staff member who is responsible in the particular area of the problem." <u>See</u> Chapter 33-103.005 of the Florida Administrative Code (hereinafter F.A.C.). If the issue is not resolved, the inmate must then file a formal grievance at the institutional level. <u>See</u> Chapter 33-103.006, F.A.C. If the matter is not resolved at the institutional level, the inmate must file an appeal to the Office of the Secretary of the Florida Department of Corrections. <u>See</u> Chapter 33-103.007, F.A.C.

While the Department's administrative grievance process generally involves the three above-described steps, in the case of a grievance relating to medical care, inmates bypass the informal grievance step and begin the process at the formal grievance step. <u>See</u> Chapter 33-103-005, F.A.C.; <u>see also</u> Chapter 33-103.006(3)(e) (stating that a medical grievance may be filed directly with the reviewing authority, thus bypassing the informal grievance step). Thus, an inmate exhausts his administrative remedies when he properly files a medical grievance at the formal grievance level and the appeal grievance level.

Here, Plaintiff filed informal grievances regarding the medical care he was receiving for the alleged rash on his legs and

4

feet. However, he failed to file a formal grievance regarding the medical care he was receiving for the alleged condition, as required by Chapter 33-103.006(3)(e), F.A.C.  See Defendants' Exhibit B, Affidavit of Steve Rossiter.  Plaintiff admits that he did not file a formal grievance concerning the medical care he received for the alleged medical condition.  Complaint at 3, paragraph C.3.  Additionally, Plaintiff admittedly failed to file any appeal within the relevant time period to the Bureau of Inmate Grievance Appeals relating to any formal grievance concerning the treatment he received for the alleged rash on his legs and feet. Defendants' Exhibit C, Affidavit of Rebecca Padgham; Complaint at 3, paragraph D.1.

As previously noted, Plaintiff was given an opportunity to oppose the affidavits and documents submitted by Defendants regarding the exhaustion issue.[1]  In Plaintiff's Reply (Doc. #15), Plaintiff states that he filed informal grievances, but did not file a formal grievance concerning his legs and feet because he had contacted Ms. Roberta Lemke, a medical advocate, who had contacted Mr. Rawls, Defendant Dr. Patrick Brown and Secretary McDonough. Thus, taking Plaintiff's allegations (contained within Plaintiff's

---

[1] See Bryant v. Rich, 530 F.3d 1368, 1376 (11th Cir. 2008) ("Where exhaustion - like jurisdiction, venue, and service of process - is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record.")

Complaint as well as his Reply) as true, this action is due to be dismissed without prejudice for his failure to properly exhaust the available administrative remedies. Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008) (explaining the two-step process in deciding a motion to dismiss for failure to exhaust administrative remedies and noting that, since the district court had concluded, at the first step, that even taking Plaintiff's version of the facts as true he had not exhausted his administrative remedies, the court never reached the second step of resolving any factual disputes between the parties about exhaustion).

Finally, with respect to Defendants Patrick H. Brown and Ron Rawls, service of process was returned unexecuted, and they were not included within the Motion to Dismiss filed by the other Defendants. See Motion to Dismiss at 1 n.1; see also Returns of Service (Docs. #7, #8). Although Plaintiff states that Ms. Lemke contacted Dr. Brown and Mr. Rawls as notification of Plaintiff's condition, this is not proper exhaustion of the medical issue. Plaintiff, on the face of the Complaint, states that he did not file a formal grievance or an appeal grievance concerning the medical condition at issue. Complaint at 3, paragraphs C.3. and D.1.

Although the holding in Jones v. Bock, 127 S.Ct. 910, states that prisoners have no obligation to plead, allege or otherwise demonstrate exhaustion, see id. at 913-15, nothing in the Jones

6

decision forbids this Court from dismissing a prisoner's case if it is clear from the face of the complaint that he has not exhausted all available administrative remedies. See Anderson v. Donald, 261 Fed.Appx. 254 (11th Cir.) (per curiam) (not selected for publication in the Federal Reporter) (affirming the district court's *sua sponte* dismissal under 28 U.S.C. §§ 1915A and 1915(e)(2) for failure to state a claim due to Plaintiff's failure to exhaust available administrative remedies where Plaintiff stated in the complaint that he had not appealed his grievable claims), cert. denied, 128 S.Ct. 1476 (2008); Okpala v. Drew, 248 Fed. Appx. 72 (11th Cir. 2007) (per curiam) (not selected for publication in the Federal Reporter) (finding that, where an affirmative defense, such as a prisoner's failure to exhaust available administrative remedies, appears on the face of a prisoner's complaint, the PLRA continues to require a district court to dismiss the complaint for failure to state a claim upon which relief may be granted).  Thus, with respect to Defendants Brown and Rawls, the action against them will be dismissed for failure to state a claim upon which relief may be granted due to Plaintiff's failure to properly exhaust the available administrative remedies.  See 28 U.S.C. §§ 1915A and 1915(e)(2).

In sum, Defendants Singer, Anderson, Nguyen, Rice and Thayer's Motion to Dismiss will be granted, and this action will be dismissed without prejudice for Plaintiff's failure to properly

exhaust the available administrative remedies. Further, the action against Defendants Patrick H. Brown and Ron Rawls will be dismissed without prejudice under 28 U.S.C. §§ 1915A and 1915(e)(2) for failure to state a claim upon which relief may be granted due to Plaintiff's failure to properly exhaust the available administrative remedies.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Defendants' Singer, Anderson, Nguyen, Rice and Thayer's Motion to Dismiss (Doc. #14) is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to properly exhaust the available administrative remedies.

2. Plaintiff's action against Defendants Patrick H. Brown and Ron Rawls is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. §§ 1915A and 1915(e)(2) for failure to state a claim upon which relief may be granted due to Plaintiff's failure to properly exhaust the available administrative remedies.

3. The Clerk of Court shall enter judgment dismissing this case without prejudice and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of December, 2008.

TIMOTHY J. CORRIGAN
United States District Judge

```
sc 11/1
c:
Elmore Sorrells, III
Ass't Attorney General (Neff)
```